NUMBER 13-98-306-CR 





COURT OF APPEALS 



THIRTEENTH DISTRICT OF TEXAS 



CORPUS CHRISTI 

___________________________________________________________________ 



ROBERT TAYLOR, Appellant, 



v. 



THE STATE OF TEXAS, Appellee. 

___________________________________________________________________ 



On appeal from the 329th District Court 

of Wharton County, Texas. 

____________________________________________________________________ 



O P I N I O N 



Before Justices Hinojosa, Yañez, and Rodriguez 

Opinion by Justice Rodriguez 



A jury found appellant, Robert Taylor, guilty of delivery of a controlled substance(1) and assessed punishment at two years confinement. By one
point of error, appellant contends that his right to due process was violated by the
State's failure to disclose information requested under a Brady motion.(2) We affirm. 

Thaine Cooper agreed to assist Detective Sergeant Raymond Jansky(3)
in a search for narcotics. Jansky fitted Cooper with a wireless transmitter and gave her
documented "buy-money." Cooper was then sent to Gary Mikes's residence. Through
the transmitter, Detective Jansky heard Cooper offer to buy cocaine from Mikes. Mikes did
not have any, but called appellant to get it. Shortly thereafter, appellant arrived and
picked up Mikes. When they returned, the arrest team moved in and searched appellant.
Jansky found two bills in appellant's pocket that matched the documented buy-money.
Another detective recovered cocaine from Mikes's pocket. 

The State did not call Cooper as a witness. Prior to trial the State did, however,
provide appellant with Cooper's name and a Texas address. During oral argument before this
Court, appellant agreed he had received the Texas address from the State, but complained
that his attempt to reach Cooper at that address was unsuccessful. 

Appellant contends that, although he was provided with the Texas address, the State
withheld information about Cooper's incarceration at a penal facility in Nevada. Appellant
asserts this precluded him from contacting Nevada officials to determine Cooper's location
and communicating with her in preparation of his defense. Because Cooper's former prison
address was not discovered by appellant until trial, he asserts his due process rights
were violated pursuant to Brady. 

In Brady v. Maryland, 373 U.S. 83 (1963), the United States Supreme Court held
that "suppression by the prosecution of evidence favorable to an accused upon request
violates due process where the evidence is material either to guilt or to punishment. . .
." Id. at 87. The State has an affirmative duty to turn over material,
exculpatory evidence. See McFarland v. State, 928 S.W.2d 482, 511 (Tex. Crim.
App. 1996). Evidence is "material" if there is a reasonable probability that,
had the evidence been disclosed to the defense, the outcome of the proceeding would have
been different. See id. (citing United States v. Bagley, 473 U.S. 667,
682 (1985)). "A 'reasonable probability' is a probability sufficient to undermine
confidence in the outcome of the trial." Id. 

While appellant contends Cooper would have supported his defensive theory of entrapment(4) and contradicted the prosecutor's evidence, we find no
proof of this contention. Appellant has cited no record references to support these
assertions. See Tex. R. App. P. 38.1(h). Because appellant has failed to show
Cooper had exculpatory evidence, the Nevada prison address does not qualify as Brady
evidence. 

Even had Brady applied, evidence was not suppressed by the State. As the
prosecutor explained: 

Your Honor, that is the last known address. Nevada was--she went to the pen for a short
time; and that is, to my knowledge, the address of her, I believe, father. But that is her
last known address, and she was released from the penitentiary at some time before that. .
. . The Nevada prison system--I don't see how that affects where she is at right now. She
was in a short stay over there, but she has been released before that; and since then,
that's been her last known address. 



The prosecutor provided appellant with the most current address he had for Cooper.
Appellant's sole point of error is overruled. 

Accordingly, we AFFIRM the trial court's judgment. 

NELDA V. RODRIGUEZ 

Justice 



Do not publish. 

Tex. R. App. P. 47.3. 





Opinion delivered and filed 

this the 23rd day of March, 2000. 

1. See Tex. Health & Safety Code Ann. 481.112 (Vernon
Supp. 2000). 

2. See Brady v. Maryland, 373 U.S. 83 (1963) (suppression
by prosecution of material evidence favorable to accused violates due process). 

3. Detective Jansky was assigned to the Wharton County District
Attorney's Narcotic Task Force. 

4. Appellant first identified this defensive theory during oral
argument to this Court.